UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. WHITE, | ) | CASE NO: 4:14 CV 2107 |
| | ) | 4:12 CR 0026 |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on John W. White's ("Petitioner's") Motion Under 28 U.S.C. §2255 to Correct, Vacate, or Set Aside Sentence by a Person in Federal Custody. (Docket #37.) On May 1, 2012, Petitioner pled guilty to two counts of possessing or receiving ammunition and firearms after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of Title 18 United States Code, Section 922 (g)(1). This Court sentenced Petitioner to a term of 66 months imprisonment followed by three years of supervised release.

Petitioner's Motion raises claims of ineffective assistance of counsel and that the Court allegedly failed to consider a downward variance pursuant to 18 U.S.C. § 3553(a). White argues ineffective assistance of counsel based on the following claims: (1) counsel failed to argue that White had a justifiable reason to possess one of the firearms at issue in this case; (2) counsel's performance was deficient before after sentencing; and, (3) counsel failed to challenge the lack of DNA evidence and actual and constructive possession of the firearm found at a residence.

The recitation of facts set forth in the Government's Response to the Petitioner's Motion

accurately reflects the events and circumstances of this case. (Docket #47.) They are, therefore, adopted by this Court as if rewritten herein. For the reasons set forth in the Government's Response, Petitioner is unable to satisfy any criteria for his §2255 claim and Petitioner's Motion is hereby DENIED.

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. §2255. As such, a court may grant relief under §2255 only if a petitioner has demonstrated a "fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a §2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. §2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir.1996) (recognizing that evidentiary hearing not required when the record conclusively shows that petitioner is not entitled to relief).

In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

Petitioner's ineffective assistance of counsel allegations are meritless and without support

in the record. Petitioner contends that counsel failed to properly advance the defense of justification after he admitted to possessing one of the firearms at issue in this case. The record is replete with arguments advanced by counsel for justifiable reasons for possession of the firearm. The arguments were again raised by counsel in his Sentencing Memorandum against the Court's two-level enhancement to the base offense level. (Docket #20.) There is no evidence to support the allegation that counsel did not effectively raise the defense of justification.

Next, Petitioner's broad claim that counsel's representation was deficient is not meritorious for the reasons set forth in the Government's Response. Furthermore, there is no evidence that counsel's representation fell below the standard required in *Strickland*. The Probation Department calculated a range of 84 to 105 months of imprisonment. Defense counsel promptly filed a Sentencing Memorandum in which he objected to a requested four-level enhancement and a possible two-level enhancement for possession of three firearms. (Docket #20.) Accordingly, this Court declined to apply the recommended four-level enhancement and instead applied only the two-level enhancement for possession of three firearms. This resulted in a guideline range of 57-71 months. Counsel effectively raised any and all arguments which had a basis in fact or law. Specifically, counsel argued that the two-level enhancement for possession of three firearms was not warranted because there was a lack of DNA or other evidence to prove he ever actually possessed the firearms at issue. Counsel also advanced the defense of justification with respect to the gun Petitioner admitted was in his possession.[1] However, this Court found that the evidence indicated that the Petitioner was in fact in possession of the guns at

---

[1] Petitioner appealed this case to the Sixth Circuit based on the theory of justification. The Sixth Circuit affirmed this Court's sentencing and found White's arguments insufficient to prove that he possessed the firearm for justifiable reasons.

some point in time. Further, the Petitioner admitted in the sentencing hearing that he took responsibility for possessing all the firearms at issue at some point and his DNA being on those firearms. (Docket #28: Sentencing Transcript, PageID 7, 11 R. 20.) As set forth above, without the assistance of counsel, Petitioner would have faced a sentencing range of 84-105 months. Because counsel's representation was neither unreasonable nor deficient as required under *Strickland* and Petitioner's claims of ineffective assistance of counsel are dismissed.

Additionally, this Court finds that there is no evidence that the additional misconduct set forth on page six of Petitioner's Motion would have had an effect Petitioner's plea agreement or sentence, or otherwise prejudiced him in the outcome of this case. Accordingly, any potential claims based on these allegations are dismissed.

Finally, Petitioner claims that counsel failed to request a downward variance based upon his mother's health condition and consequently, this Court erred in not granting a downward variance based on 18 U.S.C. § 3553(a). This is not proper grounds for habeas relief. Further, Petitioner waives any rights not exhausted through direct appeal. Because Petitioner failed to raise this issue in his appeal to the Sixth Circuit this claim is dismissed as moot.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Further, to the extent

that Petitioner's claims were also rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

Because the files and records of this case conclusively show that Petitioner is entitled to no relief under §2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion Under §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby DENIED. (Docket #37.) Furthermore, this Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253; Fed.R.App.P.22(b).

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: November 25, 2014